ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JOSÉ RAFAEL ARRIETA IGARTUA<br><br>RECURRIDO<br><br>v.<br><br>ASOCIACIÓN RESIDENTES DE ESTANCIAS DE CIDRA, INC., OMAYRA ALVARADO CARTAGENA, JOSÉ ÁNGEL BRACERO IZQUIERDO Y OTROS<br><br>PETICIONARIOS | KLCE202400043 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Número: CG2020CV01197<br><br>Sobre: Injunction (entredicho provisional, Injunction preliminar y permanente), daños |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2024.

La Asociación de Residentes de Estancias de Cidra comparece ante este Tribunal mediante el recurso de *certiorari* en el que solicita la revocación de una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas. Por medio del dictamen recurrido, el foro de instancia declaró no ha lugar una solicitud de sentencia sumaria del peticionario.

Transcurrido el término correspondiente para la comparecencia del recurrido, por los fundamentos a continuación, expedimos el recurso de *certiorari* ante nuestra consideración y revocamos la resolución recurrida. De este modo, se devuelve el caso al foro recurrido para que emita una resolución que desglose los hechos controvertidos e incontrovertidos conforme a la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V. R. 36.4.

**I**

El Sr. José Rafael Arrieta Igartúa presentó una demanda en la que alegó violaciones a las condiciones restrictivas que gobiernan la Urbanización Estancias de Cidra. Por su parte, los peticionarios

contestaron la demanda al negar las imputaciones de la demanda. Tras un extenso trámite procesal, los peticionarios presentaron una *Moción en solicitud de sentencia sumaria parcial*. Mediante esta, sostuvieron que los reclamos del recurrido estaban prescritos por el transcurso del término contemplado para este tipo de acciones. Por otro lado, argumentaron que era la propia Asociación de Residentes quien goza de legitimación para reclamar por los residentes afectados por las alegadas violaciones. Además, adujeron que la Asociación no podía responder por los daños apuntados.

Así las cosas, el Tribunal de Primera Instancia emitió una *Resolución* en la que declaró no ha lugar la moción de sentencia sumaria. Precisamente, dispuso lo siguiente:

> EVALUADA LA MOCION DE SENTENCIA SUMARIA PRESENTADA POR LA PARTE CODEMANDADA, ASOCIACION DE RESIDENTES DE ESTANCIAS DE CIDRA Y SIN CONTAR CON LA OPOSION (*sic*) DE LAS PARTES RESTANTES, EL TRIBUNAL DETERMINA QUE LOS SIGUIENTES HECHOS NO EST[Á]N EN CONTROVERSIA 1, 3, 4, 6, 11, 17 Y 18. LOS INCISOS RESTANTES SE ENCUNETRA (*sic*) EN CONTROVERSIA.
>
> EN VISTA DE LO ANTERIOR, SE DECLARA NO HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA.

Inconforme con dicha resolución, la Asociación de Residentes de Estancias de Cidra presentó el recurso de *certiorari* ante nuestra consideración. Específicamente aducen que, "[e]rró el Honorable Tribunal de Primera Instancia y abus[ó] de su dis[c]reción (*sic*) al declarar no ha lugar la moci[ó]n de sentencia sumaria". Transcurrido el término correspondiente sin la comparecencia de la parte peticionada, procedemos a resolver el recurso ante nuestra consideración.

**II**

**A**

El auto de *certiorari* es el vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016). En esencia consiste en un recurso extraordinario caracterizado por que

descansa en la discreción del tribunal para su expedición, la cual no es irrestricta. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). El tribunal tiene discreción para atender el asunto planteado, bien sea para expedir o denegar el auto. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). En estos casos procede un análisis dual para determinar si se expide o no un recurso de *certiorari*, el cual consta de una parte objetiva y otra subjetiva.

Primero, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LRPA Ap. V, R. 52.1, establece que el recurso de *certiorari* para revisar resoluciones interlocutorias del Tribunal de Primera Instancia será expedido, entre otros, cuando se recurra de la denegatoria de una moción de carácter dispositivo u alguna orden bajo las Reglas 56 y 57. A esos efectos, el primer examen para que un recurso de *certiorari* sea expedido es que tenga cabida bajo uno de los escenarios contemplados en la Regla 52.1, *supra*.

Superada esta primera etapa, procede examinar si se justifica nuestra intervención a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 40. Recuérdese que es un recurso que depende de la discreción del tribunal revisor. Conforme a esta Regla, los criterios que justifican nuestra intervención son los siguientes:

(A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
(B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
(C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
(D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
(E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
(F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, la discreción judicial no opera en el vacío. En etapa de revisión judicial es norma reiterada que el Tribunal de Apelaciones no habrá

de intervenir con el ejercicio de discreción del Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción, prejuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido, por tanto, debemos ejercer nuestra discreción para evaluar si, a la luz de estos criterios, se requiere nuestra intervención. Si no fuera así, procede que nos abstengamos de expedir el auto, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

**B**

En nuestro ordenamiento jurídico, la "sentencia sumaria responde al propósito de aligerar la conclusión de los pleitos eliminando el juicio en su fondo, pero siempre y cuando no exista una legítima disputa de hecho a ser dirimida, de modo que lo restante sea aplicar el derecho solamente". *Jusino et als. v. Walgreens*, 155 DPR 560, 576 (2001). Véase, además, *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018). Conforme a la Regla 36 de Procedimiento Civil, *supra*, para adjudicar una moción de sentencia sumaria se requiere la presentación de "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente" bien sea sobre la totalidad de la reclamación o parte de esta. En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 110 (2015). Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

En armonía con lo anterior, la sentencia sumaria solo debe dictarse en casos claros. Si no existe certeza sobre todos los hechos materiales en la controversia, no procede que se dicte sentencia sumaria. Sin embargo,

se ha establecido que la sentencia sumaria, "[p]rocede, aunque se hayan alegado hechos que aparenten estar en controversia, pero cuando el promovente logre demostrar preponderantemente, y mediante dicha prueba documental, que en el fondo no existe controversia sobre los hechos medulares." *Jusino et als. v. Walgreens*, *supra*, a la pág. 577. Ante esta situación, la parte promovida debe "defenderse de la misma forma, es decir, apoyándose a su vez de documentos u otra evidencia admisible." *Id*. En fin, toda vez que la sentencia sumaria es un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley." *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 611 (2000). Siendo esto así, solo procede que se dicte la sentencia sumaria "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia." *Meléndez González v. M. Cuebas*, *supra*, a las págs. 109-110.

Según se ha reiterado jurisprudencialmente, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) considerar solamente los documentos que se presentaron ante el foro de primera instancia; y (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. Esto es, estamos impedidos de adjudicar los hechos materiales esenciales en disputa. *Vera v. Dr. Bravo*, 161 DPR 308, 334-335 (2004). El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio.

Sabido es que este mecanismo procesal exige el cumplimiento de requisitos de forma para su validez. Respecto a la presentación de una

moción de sentencia sumaria se requiere que esté "fundada en declaraciones juradas o en evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes". 32 LPRA Ap. V., R. 36.1. Asimismo, la oposición a esta solicitud debe cumplir requisitos similares. *Id.* R. 36.2. Inclusive, el Tribunal de Primera Instancia que resuelve que no procede una moción de sentencia sumaria debe satisfacer requerimientos de forma para la validez de su dictamen. Precisamente, la Regla 36.4 de Procedimiento Civil dispone lo siguiente:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.
> A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.

En ese sentido, nuestro más alto foro ha dispuesto que en esencia "esta regla procesal delimita las instancias en las que el tribunal estará obligado a resolver la moción de sentencia sumaria presentada 'mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos.'" *Pérez Vargas v. Office Depot*, 203 DPR 687, 697 (2019). A tal efecto, es "por ello que se le requiere al tribunal que consigne los hechos sobre los cuales no hay controversia, puesto que será *innecesario* pasar prueba sobre éstos durante el juicio." *Id.* Así las cosas, fue reconocido por el Comité Asesor que el propósito de introducir esta exigencia es "a los fines de que no se tenga que relitigar los hechos que no están en controversia." *Id.*, que cita a Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil*, Tribunal Supremo de Puerto Rico, marzo de 2008, pág. 406). De igual

forma, la Regla 42.2 de Procedimiento Civil, *supra*, establece que cuando se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal debe dar fiel cumplimiento a la Regla 36.4 en cuanto a las determinaciones de hechos.

Cabe destacar que, esta regla fue modificada con el propósito de "disponer que el tribunal, al dictar una sentencia sumaria parcial, está obligado a determinar, mediante resolución, los hechos esenciales y pertinentes sobre los que no existe controversia sustancial, así como aquellos hechos que estén controvertidos, a los fines de que no se tenga que relitigar los hechos que no están en controversia." Cuevas Segarra, *Tratado de Derecho Procesal Civil* 2da Ed., Tomo III, en la pág. 1074. Por consiguiente, "se recalca esta obligación que en múltiples ocasiones es desatendida por nuestros tribunales para facilitar el trámite de revisión judicial de su determinación." *Id.*

Asimismo, lo primordial de la Regla 36.4, *supra*, es que el "nuevo texto mejorado hace énfasis en el carácter mandatorio de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos. Esta es la única forma de propiciar una revisión adecuada por los foros apelativos." Cuevas Segarra, *supra*, en la pág. 1075. En ese sentido, si el Tribunal entiende "que la resolución no es adecuada, lo procedente es que el foro apelativo ordene a instancia emitir una resolución fundamentada. De negarse a efectuarlas, nada impide que se recurra al Tribunal Apelativo para obligar a su cumplimiento." *Id.*

Independientemente de cómo se resuelva una moción de sentencia sumaria, los tribunales tienen la obligación de emitir "una lista de los hechos que encontró que no están en controversia en el pleito y los que sí lo están". *Meléndez González v. M. Cuebas*, *supra*, en la pág. 117. El Tribunal Supremo sostuvo que si se permitiera que los tribunales denegaran mociones de sentencia sumaria bajo el fundamento de que *existen hechos materiales en controversia*, se daría al traste con los establecido en la

Regla 36.4 de Procedimiento Civil y "las partes quedarían en la misma posición que estaban previo a la presentación de la moción de sentencia sumaria, atrasando así el litigio de manera injustificada". *Id.*, en la pág. 119.

**III**

En el presente caso, los peticionarios sostienen que los hechos sugeridos no están en controversia y estos derrotan todas las alegaciones del peticionado. Además, sostuvo que "[e]l TPI no identific[ó] o concluy[ó] las razones para determinar unos hechos como establecidos y como existía controversia sobre los demás, no habiendo una determinación de hechos y/o aplicación del derecho en la resolución, por lo que desconocemos en que el TPI baso (*sic*) su determinación y lo único que nos resta es inferir que la determinación es una incorrecta no basada en el expediente o en abuso de discreción".

Según previamente expuesto, conforme a la Regla 36.4 el Tribunal de Primera Instancia está obligado a consignar los hechos esenciales y pertinentes sobre los que no hay controversia sustancial y los que fueron realmente controvertidos. Asimismo, el Tribunal Supremo ha enfatizado que el propósito de esta norma es colocar a las partes en posición para celebrar el juicio y ayuda a que los tribunales apelativos puedan ejercer su responsabilidad. *Meléndez González v. M. Cuebas*, *supra*, en la pág. 119.

Examinado el expediente ante nuestra consideración, debido a que este Tribunal de Apelaciones entiende que la resolución no es adecuada, procede que se ordene al Tribunal de Primera Instancia a emitir una resolución fundamentada. Nótese que la *Resolución* recurrida se limitó a establecer los hechos sobre los que, a su apreciación, no estaban en controversia e informó que el resto de los hechos sugeridos estaban en controversia.

Dicha resolución carece de fundamentos sobre los hechos controvertidos, a pesar de no contar con una oposición de la parte recurrida, y de la evaluación de la prueba anejada a la moción de sentencia sumaria. Además, el Tribunal de Primera Instancia, en el ejercicio que

conlleva la Regla 36.4, viene llamado a consignar los hechos materiales que están en controversia. De esta manera, las partes están listas para pasar prueba sobre estos asuntos en el juicio. *Pérez Vargas v. Office Depot*, 203 DPR 687, 704(2019). Por consiguiente, la resolución ante nuestra consideración es insuficiente para ubicar a este Tribunal en la posición idónea para examinar el recurso ante nuestra consideración. Ausentes dichos criterios, no nos encontramos en condición para ejercer nuestra responsabilidad adecuadamente.

## IV

Por los fundamentos expuestos, se expide el auto de *certiorari* y se revoca la *Resolución* recurrida ante el incumplimiento con la Regla 36.4 de Procedimiento Civil, *supra*. De este modo, se devuelve el caso al foro recurrido para que emita una *Resolución* fundamentada con los hechos controvertidos e incontrovertidos.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones